**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JUSTIN KEITH RICHMOND** **PLAINTIFF**
**ADC #187828**

**v.** **Case No. 4:26-cv-00288-KGB**

**ARKANSAS DEPARTMENT**
**OF CORRECTIONS, *et al.*** **DEFENDANTS**

# ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 12). Plaintiff Justin Keith Richmond filed an objection (Dkt. No. 14). Accordingly, after careful consideration, and after a *de novo* review of the record, the Court approves and adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 12). The Court considers this Order sufficient to grant relief for the pending motion for ruling, and the Court grants Richmond's motion for ruling (Dkt. No. 45). For the reasons set out in this Order, the Court denies Richmond's motion to change venue and motion to compel discovery (Dkt. No. 54).

## I. Recommendation

While Richmond's objections were untimely and not filed within 14 days of the issuance of the Recommendation, the Court writes to address the objections nonetheless (Dkt. No. 14). In Richmond's objections, he states that Major Madden and Deputy Warden Adam Clark "did a cover up to surpress (sic) the attack by all defendants in this suit" because Madden "faked" taking pictures of Richmond's injuries following the alleged incident (*Id.*). In his addendum to his complaint, Richmond states that Madden did take photos of his injuries but later in his objections represents that Internal Affairs did not receive photos from Madden or Clark (Dkt. Nos. 2; 14).

The Court determines that Richmond's objections break no new ground and fail to rebut Judge Kearney's Recommendation (Dkt. No. 14). If Richmond's allegations regarding Madden and Clark's purported conduct are true, the allegations are troubling. However, those allegations even if true at most support that Madden and Clark likely failed to follow Arkansas Department of Correction policy to report and investigate alleged use of force incidents. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Further, because Richmond does not have a protected liberty interest in the grievance procedure, his allegation that Clark refused to sign Richmond's grievances fails to state a claim upon which relief can be granted. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For these reasons and those set out in the Recommendation, the Court agrees with Judge Kearney's determination that Richmond's complaint and addendum to the complaint, both of which this Court has considered, fail to state a claim upon which relief can be granted as to Madden and Clark (Dkt. Nos. 1; 2; 12). Richmond's objections repeat the same facts and allegations as the complaint and addendum to the complaint, with the exception of Richmond stating that Madden "faked" taking pictures of Richmond's injuries (Dkt. Nos. 1; 2; 14). Based upon those allegations, Richmond cannot meet the standard to bring a 42 U.S.C. § 1983 claim as to Madden and Clark.

Accordingly, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 12). The Court dismisses without prejudice Richmond's claims against the Arkansas Department of Correction; claims against defendants Madden and Clark; claims against defendants in their official capacities; claims against defendant Durks arising from conduct alleged to have occurred at the Barbara Ester Unit; and grievance-

related claims against defendant Durks (*Id.*, at 7). Richmond's claims against defendants Durks, Nash, and Roberts alleging use of excessive force against Richmond while he was at the Pine Bluff Unit remain pending and are proceeding (*Id.*, at 5).

**II. Motion To Change Venue And Compel Discovery**

Richmond requests a change of venue "based on Magistrate Judge JTK's bias rulings" against him (Dkt. No. 54, at 2). Richmond does not assert that venue is improper, but rather Richmond states that he needs a different venue change for a fair trial; he does not specify to which venue he is requesting transfer (*Id.*).

A motion for transfer of venue is addressed at the discretion of the court. *Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953 (8th Cir. 2005). The Court determines that Judge Kearney's rulings do not provide a basis to transfer venue; those rulings appear to be an impartial application of the law to the facts presented by Richmond. *See*, *e.g.*, *Crawford v. Peikar*, Case No. 2:12-cv-00224 SWW/JTR, 2013 WL 4750193 (E.D. Ark. Sept. 3, 2013) (citing *Am. Prairie Constr. Co. v. Hoich*, 594 F.3d 1015, 1021–22 (8th Cir. 2010) (explaining that, in most instances, unfavorable rulings "do not constitute a basis for a bias or partiality" motion)). Having reviewed the record before the Court, this Court sees no basis to conclude that Judge Kearney is bias or partial. For these reasons, the Court denies the motion for transfer of venue (Dkt. No. 54).

Richmond also moves to compel discovery (*Id.*, at 1–2). Richmond does not argue in support of his motion to compel discovery beyond stating that he believes it is necessary (*Id.*). He does not allege that defendants have not complied with previous discovery requests (*Id.*). For these reasons, the Court denies Richmond's motion to compel discovery (*Id.*).

**III. Conclusion**

For the foregoing reasons:

(1) The Court dismisses without prejudice Richmond's claims against the Arkansas Department of Correction; claims against defendants Madden and Clark; claims against defendants in their official capacities; claims against defendant Durks arising from conduct alleged to have occurred at the Barbara Ester Unit; and grievance-related claims against defendant Durks;

(2) Richmond's claims against defendants Durks, Nash, and Roberts alleging use of excessive force against Richmond while he was at the Pine Bluff Unit remain pending and are proceeding;

(3) The motion for Order is granted (Dkt. No. 45);

(4) The motion for a transfer of venue is denied (Dkt. No. 54);

(5) The motion to compel discovery is denied (*Id.*).

It is so ordered this the 23rd day of November, 2026.

Kristine G. Baker

Kristine G. Baker
Chief United States District Judge